**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRUCE V. FOTI. | Criminal Action No. 20-851 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Bruce V. Foti's ("Defendant") Motion for Early Termination of Supervised Release ("Motion"). (ECF No. 52.) The United States of America (the "Government") opposed Defendant's Motion. (ECF No. 55.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons stated below, the Court denies Defendant's Motion.

## I.    BACKGROUND

### A.    Procedural History

On October 2, 2020, Defendant pleaded guilty to a one-count Information charging him with knowingly and intentionally possessing with the intent to distribute fifty grams or more of methamphetamine. (Plea Hearing Minutes, ECF No. 22; Plea Agreement, ECF No. 25.) On November 10, 2021, the Court sentenced Defendant to a below-Sentencing Guidelines range sentence of time served, a $100 special assessment, a $25,000 fine, and a five-year term of

supervised release, with special conditions.[1] (Sentencing Hearing Minutes, ECF No. 37; J., ECF No. 38.) Defendant's term of supervised release began the same day. (*See* J.) Defendant has satisfied the $25,000 fine and the $100 special assessment. (*See* Satisfaction of J., ECF No. 45.) Defendant's term of supervised release ends in November 2026. (*See* J.)

**B.      The Instant Motion**

Defendant filed the instant Motion on August 12, 2025. (*See* Def.'s Mot., ECF No. 52.) Defendant argues that early termination is appropriate because he satisfied the financial penalties imposed by the Court, and has complied with the conditions of supervised release, including undergoing mental and behavioral health treatment. (Def.'s Mot. ¶¶ 4-6.) Defendant also states that he is seeking early termination of supervised release "in an effort to expand business prospects and endeavor upon additional growth opportunities, wherein the restriction on the incurring of any new debts has prohibited advancement of same." (*Id.* ¶ 7.) Defendant also requests that the "New Debt Restriction" condition of his supervised release be lifted. (*Id.*)

**II.     LEGAL STANDARD**

Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the sentencing court to terminate supervised release "at any time after the expiration of one year of supervised release," if, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). When reviewing the Section 3553(a) factors, the Court need not make specific findings for each factor. *United States*

---

[1] The following special conditions were ordered: (1) drug testing and treatment; (2) financial disclosure; (3) mental health treatment; (4) new debt restrictions; and (5) consent to search. (J. 3-4.)

*v. Melvin*, 978 F.3d 49, 52-53 (2020). The Court need only state that it has considered them. *Id.* at 53.

Although the Third Circuit held that Section 3583(e)(1) does not require a finding of new or unforeseen circumstances, it reasoned that, generally, only when new or unforeseen circumstances warrant it will a sentencing judge grant a motion for early termination of supervised release under Section 3583(e)(1). *Id.* The Third Circuit has held "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* Importantly, "[d]istrict courts possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release . . . ." *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013).

## III.   <u>DISCUSSION</u>

The Court has considered the Section 3553(a) factors and finds that early termination of supervised release is not warranted here. *See Melvin*, 978 F.3d at 52 ("After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." (citing 18 U.S.C. § 3583(e)(1))).

As an initially matter, "mere compliance with the conditions of supervised release is generally insufficient to support early termination." *United States v. Vasiliades*, No. 96-217, 2022 WL 3701963, at *3 (E.D. Pa. Aug. 25, 2022) (citations omitted). While the Court commends Defendant's progress towards living a law-abiding life, obtaining mental health treatment, and fulfilling his financial obligations, compliance with the terms of supervised release is what is expected of probationers, and without more, cannot justify early termination. *See United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation

or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination.").

Additionally, Defendant has not provided any information about the nature of the "business prospects" he is seeking to expand, nor has he explained how supervised release has, in any way, impeded such business prospects. (*See generally* Def.'s Mot.) Moreover, the "New Debt Restrictions" condition of Defendant's supervised release does not create a "restriction on the incurring of any new debts." (*Id.* ¶ 7.) Defendant, in fact, is prohibited only from incurring new debts "without the approval of the U.S. Probation Office." (J. 3.) Defendant does not contend that he has inquired with the U.S. Probation Office about incurring new debt in furtherance of his purported "business prospects," and does not suggest that Probation has been unreasonable in reviewing or approving requests to incur new debt. (*See generally* Def.'s Mot.) The Court therefore finds that Defendant has not shown that early termination of his supervised release is justified by any changed circumstances, warranted by his conduct, or "in the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Hooks*, No. 13-257, 2022 WL 17721036, at *3 (E.D. Pa. Dec. 15, 2022) ("Generally, early termination of supervised release under § 3583(e)(1) will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." (quoting *Melvin*, 978 F.3d at 53) (citation modified)).

## IV.   **CONCLUSION**

For the reasons set forth herein, Defendant's Motion is denied. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: APRIL 8th, 2026